UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00052-RJC

| | |
|---|---|
| WILLIAM BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ANDREW M. SAUL, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 12), and Defendant's Motion for Summary Judgment, (Doc. No. 16).

## I. BACKGROUND

### A. Procedural Background

William Barnes ("Plaintiff") seeks judicial review of Andrew M. Saul's ("Defendant" or "Commissioner") denial of his social security claims. Plaintiff filed applications for Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act ("SSA") on March 14, 2012.[1] (Doc. Nos. 10 to 10-1: Administrative Record ("Tr.") at 259, 265.) His applications were denied first on June 15, 2012, (Tr. 106–07), and upon reconsideration on February 26, 2013, (Tr. 134). Plaintiff timely filed a request for a hearing on April 12, 2013,

---

[1] Plaintiff filed a subsequent application for benefits in June 2016, which was ultimately consolidated with his 2012 claims. (Tr. 609–10.)

(Tr. 177), and an administrative hearing was held by an administrative law judge ("ALJ") on December 13, 2013, (Tr. 185). Following that hearing, the ALJ found that Plaintiff was not disabled under the SSA. (Tr. 136–47.) Plaintiff requested a review of the ALJ's decision, and on June 24, 2014, the Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ. (Tr. 152–54.)

A second hearing was held by the ALJ on September 8, 2014. (Tr. 228.) Following that hearing, the ALJ issued a second decision finding that Plaintiff was not disabled under the SSA. (Tr. 625–37.) Plaintiff requested a review of the ALJ's decision, but on March 3, 2016, the Appeals Council denied Plaintiff's request for review. (Tr. 645–47.) Plaintiff sought judicial review of Defendant's denial of his social security claims, see Barnes v. Colvin, No. 5:16-cv-69 (W.D.N.C. 2016), and this Court reversed Defendant's decision and remanded the case to the ALJ for further proceedings, (Tr. 613–14).

On remand, the third and fourth administrative hearings were held by a different ALJ on August 4, 2017 and January 8, 2018, respectively. (Tr. 730, 757.) Following the fourth hearing, the ALJ issued a third decision finding that Plaintiff was not disabled under the SSA. (Tr. 680–96.) Plaintiff requested a review of the ALJ's decision, and on July 2, 2018, the Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ. (Tr. 705–08.)

A fifth hearing was held by the ALJ on December 7, 2018. (Tr. 848.) Following that hearing, the ALJ issued a fourth decision again finding that Plaintiff was not disabled under the SSA. (Tr. 477–92.) Given this Court's previous remand, Plaintiff

now seeks direct judicial review of Defendant's denial of his social security claims.

B.   Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the SSA. (Tr. 482.) To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the SSA.[2] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that his disability began on September 30, 2010 due to physical impairments. (Tr. 259, 265.)

In the fifth decision, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 491.) In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and

---

[2] Under the SSA, "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

proof in the first four steps. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite his limitations. See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 490–91.) In reaching his decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that he suffered from severe physical impairments,[3] and that his impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 484–86.) Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC"). In pertinent part, the ALJ found that Plaintiff "has the [RFC] to perform light work . . . except occasional climbing ladders; frequent but not constant handling and fingering with the right upper extremity; avoid concentrated exposure to hazards such as machinery and heights; was right hand dominant at the time of gunshot wound and is currently left hand dominant." (Tr. 486.)

Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could not

---

[3] The ALJ determined that Plaintiff suffered from the following severe impairments: hypertension, diabetes mellitus, sleep apnea, status post gunshot wound in the right hand, obesity, degenerative disc disease, bulging disc, sciatica, and lumbar radiculopathy. (Tr. 484.)

perform the work in which he had previously been employed. (Tr. 490.) The ALJ thus proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in Plaintiff's RFC, Plaintiff could perform any work that existed in significant numbers in the national economy. (Tr. 490–91.) To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). The VE testified that Plaintiff could perform three jobs that existed in significant numbers in the national economy: "cashier,"[4] "mail clerk non postal,"[5] and "marker."[6] (Tr. 491.) According to the Dictionary of Occupational Titles, all of these jobs involve "light work." The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent him from working; consequently, Plaintiff's applications for benefits were denied. (Tr. 491.)

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the SSA. See 42 U.S.C. §§ 405(g), 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan,

---

[4] DOT 211.462-010.
[5] DOT 209.687-026.
[6] DOT 209.587-034.

5

907 F.2d 1453, 1456 (4th Cir. 1990). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again or substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

Plaintiff contends that the ALJ erred by failing to perform a function-by-

6

Case 5:19-cv-00052-RJC   Document 18   Filed 08/13/20   Page 6 of 11

function analysis of Plaintiff's ability to use his right hand. Plaintiff also contends that the ALJ erred in evaluating the medical opinion evidence. The Court agrees with Plaintiff's second assignment of error.

The regulations provide that more weight is generally to be given to medical opinions from the claimant's treating sources. 20 C.F.R. § 404.1527(c)(2). This principle is often referred to as the treating physician rule. "Under the regulation's treating physician rule, controlling weight is to be accorded to 'a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s)' if that opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record.'" Brown v. Comm'r Social Sec. Admin., 873 F.3d 251, 256 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). This is because treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." Id. at 268 (quoting 20 C.F.R. § 404.1527(c)(2)).

At the same time, however, an opinion from a treating source "may be given less weight if it is not well supported or if it is inconsistent with other evidence in the record." Mery v. Colvin, No. 7:15-cv-104, 2016 U.S. Dist. LEXIS 116029, at *23 (E.D.N.C. Aug. 30, 2016). "When a treating source's medical opinion is not given controlling weight, five factors are utilized to determine what lesser weight should instead be accorded to the opinion." Brown, 873 F.3d at 256. Those factors are the

7

length and nature of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and any specialization of the provider. 20 C.F.R. §§ 404.1527(c)(1)–(5), 416.927(c)(1)–(5). "The ALJ's 'decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight.'" Charleswell v. Berryhill, No. 5:15-cv-515, 2017 U.S. Dist. LEXIS 23310, at *12 (E.D.N.C. Feb. 1, 2017) (alteration in original) (quoting Soc. Sec. Ruling 96-2p, 1996 SSR LEXIS 9), adopted by 2017 U.S. Dist. LEXIS 22666 (E.D.N.C. Feb. 17, 2017).

The issues presented by this appeal concern Plaintiff's ability to use his right hand. Plaintiff sustained a gunshot wound to his right hand, causing significant deformity. In his RFC assessment, the ALJ concluded that Plaintiff was limited to frequent—that is, "occurring from one-third to two-thirds of the time"—handling and fingering with the right upper extremity. Soc. Sec. Ruling No. 83-10, 1983 SSR LEXIS 30, at *14. However, Plaintiff's treating physician, Dr. Scott Hoffman, opined that Plaintiff "has nominal use of his right hand due to deformity, nerve damage and infection as a direct result of his gunshot wound. [Plaintiff] is unable to use his right hand for gross motor fine manipulation and frequent handling and fingering." (Tr. 1424.) The ALJ stated that he gave "some weight" to Hoffman's opinion. (Tr. 489.) The ALJ's explanation for affording only some, rather than controlling, weight to Hoffman's opinion regarding Plaintiff's ability to use his right hand is limited to the

8

following:

> [Plaintiff] has severe pain in his hand and needs very strong opioid pain medication to get any type of relief, which causes drowsiness. He also has had severe anxiety and post-traumatic stress disorder caused by the gunshot. The anxiety medication also causes drowsiness and coordination issues. Dr. Hoffman's treatment notes did not reflect the side effects of the claimant's medications and noted that his anxiety was controlled with medication.

(Tr. 489.)

The ALJ failed to explain why he gave less than controlling weight to Hoffman's opinion that Plaintiff is unable to use his right hand for gross motor fine manipulation and frequent handling and fingering. The ALJ's explanation for the weight afforded to Hoffman's opinion concerns only Plaintiff's anxiety and post-traumatic stress disorder and the side effects of Plaintiff's pain and anxiety medication. The ALJ does not provide any explanation for his decision to give less than controlling weight to Hoffman's opinion that Plaintiff is unable to use his right hand for gross motor fine manipulation and frequent handling and fingering. This is significant because the VE testified that if Plaintiff was limited to occasional, rather than frequent, handling and fingering with the right upper extremity and was unable to use the right upper extremity for gross and fine motor manipulation—as Hoffman opined—then he would be precluded from the jobs identified by the VE and other light work, as well as all sedentary work. (Tr. 536.)

Further, the ALJ's conclusion that Plaintiff can frequently handle and finger with his right upper extremity is not supported by substantial evidence. In so concluding, the ALJ gave "some weight" to the opinions of consultative examiner Dr.

9

Cordula Davis and state agency consultant Dr. Hari Kuncha. (Tr. 489–90.) Davis opined that Plaintiff "was unable to perform any usual work with the use of his right hand or arm including lifting, carrying, maneuvering, or other fine motor activities." (Tr. 417.) Kuncha opined that Plaintiff was limited to occasional handling with the right upper extremity, (Tr. 674)—which is in direct conflict with the ALJ's RFC assessment that Plaintiff was limited to frequent handling with the right upper extremity. Simply put, the ALJ does not cite to any medical or other evidence to support his conclusion that Plaintiff can frequently handle and finger with his right upper extremity, and the medical evidence on which he relies is to the contrary.

"If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling 'with or without remanding the cause for a rehearing.'" Radford, 734 F.3d at 295 (quoting 42 U.S.C. § 405(g)). "Here, a remand for further proceedings would serve no useful purpose, but instead only would result in further, unnecessary delay, because the record as a whole does not contain substantial evidence that would warrant rejection of Dr. [Hoffman's] findings (which, paired with the VE's testimony, entitle Plaintiff to a favorable disability determination)." Norman v. Berryhill, No. 1:16cv997, 2017 U.S. Dist. LEXIS 124995, at *31 (M.D.N.C. Aug. 8, 2017). This is especially true given that Plaintiff's claims have been the subject of five ALJ hearings, four ALJ decisions, two Appeals Council remands, and two civil actions before this Court. See Breeden v. Weinberger, 493 F.2d 1002, 1011 (4th Cir. 1974) (reversing for an award of benefits where the case was old, had been remanded once before, and reopening

10

the record would serve no useful purpose). Therefore, the Court reverses the Commissioner's decision and remands the matter for an award of benefits.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**, the Commissioner's decision is **REVERSED**, and the matter is **REMANDED** for an award of benefits;

2. Defendant's Motion for Summary Judgment, (Doc. No. 16), is **DENIED**;

3. The parties' motions for extension of time, (Doc. Nos. 11, 14), are **DENIED as moot**; and

4. The Clerk of Court is directed to close this case.

Signed: August 13, 2020

Robert J. Conrad, Jr.
United States District Judge